IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KENYATTE BROWN, #99287-071, ) ) Petitioner, ) ) v. ) ) JOHN OWEN, ) ) Respondent. ) ) | Civil Action No. 9:11-2673-JMC-BM **REPORT AND RECOMMENDATION** |

This action has been filed by the Petitioner, pro se, pursuant to 42 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Williamsburg, South Carolina, serving a term of incarceration following a conviction for possession with intent to distribute and to distribute more than 5 grams of cocaine base, a violation of 21 U.S.C. § 841(a)(1). See Respondent's Exhibit 1, Attachment A. In this petition, Petitioner seeks to have his administrative disciplinary conviction for Assaulting Any Person (Minor Assault)[see Respondent's Exhibit 1, Attachment F] set aside and restoration of good time that was disallowed as a result of this disciplinary conviction.

Respondent filed a dismiss and/or motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 29, 2011. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 3, 2012, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted,

1

thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the Respondent's motion on January 19, 2012, and Respondent filed a reply memorandum on January 26, 2012.

This matter is now before the Court for disposition.[1]

## Background

On April 17, 2010, Petitioner received an incident report charging him with the prohibited act of Assaulting Any Person (minor Assault). See Petition, Exhibit A. Roy Lathrop, Paralegal Specialist for the Bureau of Prisons ("BOP"), attests that an initial investigation was conducted on that date into the charged prohibited act; see Exhibit 1, Attachment F, §§ 23-27; and that following the investigation, the investigating officer suspended action on the incident report pending a re-write of the report by the reporting staff member. See Exhibit 1, Attachment F, § 25. On April 23, 2010, the re-write of the report was completed and a copy of the report was delivered to the Petitioner. See Exhibit 1, Attachment F, § 15. On April 26, 2010, the Unit Team requested a time extension due to the re-write, and on April 30, 2010, this request was granted and Petitioner was provided with a copy of this decision. See Exhibit 1, Attachment G. The UDC hearing was then conducted on May 4, 2010, and the matter was referred to a Disciplinary Hearing Officer ("DHO"). See Exhibit 1, Attachment F, §§ 17-21.

A hearing before the DHO was conducted on May 26, 2010. See Exhibit 1, Attachment J. After considering all of the evidence, the DHO found based upon the greater weight of the evidence that Petitioner had committed the prohibited act as charged. See Exhibit 1, Attachment J. The DHO then imposed a variety of sanctions for the offense, including disallowance

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

of 27 days good conduct time, 30 days disciplinary segregation (suspended pending 180 days clear conduct), and 4 months loss of commissary privileges. See Exhibit 1, Attachment J. The DHO prepared a written report detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed. Id. A copy of this written decision was delivered to the Petitioner on May 26, 2010. Id; see also Exhibit 1, ¶ 16.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(C), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Petitioner alleges that his disciplinary conviction should be overturned, and his lost good time restored, because his rights were violated by the institution's failure to follow its policy and conduct his UDC hearing within the required time frame. Petitioner asserts that he was not provided a UDC hearing until over two weeks after his charges were filed, and that the delay of more than three (3) work days between the charge being filed and his UDC hearing violated the



3

Respondent's policies. See generally, Petition.

Respondent concedes that Petitioner has exhausted his administrative remedies, and that this Petition is properly before this Court. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)[Prisoner may use § 2241 to challenge deprivation of good-time credits]; Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). However, after careful review of the material and arguments presented, the undersigned finds that Petitioner has failed to show entitlement to relief on his claim.

In a prison disciplinary setting, an inmate is entitled to only a minimal standard of due process. If the following requirements are satisfied, prison officials have met this minimal standard.

1. Advance written notice of the charges;

2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004). Here, it is uncontested that Petitioner was given advance written notice of the charges, that he was advised that an extension had been requested for the re-write, and that he was provided with a UDC hearing on May 4, 2010[2] and notice of the disciplinary hearing before the DHO as well as with a copy of his inmate rights. See Respondent's Exhibit 1, Attachments F, H, & I. The DHO hearing was then conducted on May 26, 2010, at which Petitioner was present and made a statement

---

[2]Therefore, the hearing was held within three (3) work days of the decision on April 30, 2010, to grant the extension of time based upon the re-write and the seriousness of the charge. See Respondent's Exhibit 1, Attachments G & J.



4

in his own defense. See Respondent's Exhibit 1, Attachment J. Petitioner did not request any witnesses to be present. Id. After considering all of the evidence, the DHO found that Petitioner had committed the prohibited act as charged and imposed a variety of sanctions, including disallowance of good conduct time, disciplinary segregation, and loss of commissary. Id. The DHO also prepared a written report detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed, and a copy of this written decision was delivered to the Petitioner on May 26, 2010. Id.

There is nothing in this case history which shows a violation of Wolff and its progeny. While Petitioner admits that none of his rights were violated during the DHO hearing, since the UDC hearing was not conducted until some two weeks after the initial incident report was written, Petitioner contends that his rights were violated on the sole basis that his UDC hearing was not held within three work days from the time staff became aware of his involvement in the incident. However, under the applicable C.F.R.,

> [e]ach inmate so charged is entitled to an initial hearing before the UDC, *ordinarily* held within three work days from the time staff became aware of the inmate's involvement in the incident.

See 28 C.F.R. § 541.15(b)[emphasis added]; see also Donaldson v. Samuels, No. 07-1072, 2007 WL 3493654 at * 4 (M.D.Pa. Nov. 13, 2007)["These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court."](Citing Von Kahl v. Brennan, 855 F.Supp. 1413, 1418 (M.D.Pa. 1994)). Here, the institution was granted an extension, and Petitioner was notified that his UDC hearing was delayed because of the re-write of the report. See Respondent's Exhibit 1 Attachment G.

Therefore, the institution did not violate BOP procedure by not having Petitioner's UDC hearing within three days. Nor is a due process violation shown in these facts, as

> the delay in Petitioner's initial hearing does not automatically equate to a violation



5

> of his Due Process rights. See Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D.Pa. 1992)["The Constitution does not require strict adherence to administrative regulations and guidelines."] The Constitution only requires compliance with minimal federal due process standards. Id. Wolff does not set a three-or seven-day limit, or any time limit, for the hearing. No Due Process violation occurred by holding petitioner's initial hearing outside of the "ordinary" three-day period.

Donaldson, 2007 WL 3493654 at * 5.

Therefore, Petitioner has not shown that holding his initial hearing outside the three-day period violated his due process rights. Cf. Mayo v. Hogsten, No. 06-2241, 2007 WL 1521232 at * 5 (M.D.Pa. May 23, 2007)(citing Von Kahl, 85 F.Supp. at 1421-1422)["[T]his court is reluctant to overtax and/or hamstring prison officials' execution of disciplinary policies and procedures by mandating an automatic remand for technical noncompliance with a regulation, absent some showing of prejudice to the inmate."].

Further, Petitioner does not contend that any of his rights were violated in his DHO hearing, nor does he allege that he suffered any prejudice as a result of his UDC hearing not being held sooner. See Scott, 2008 WL 4866051, at * 5. Rather, Petitioner argues he is entitled to relief pursuant to 5 U.S.C. § 706(1) and (2)(A)-(D), which provides,

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall–
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law . . . .



6

However, even assuming this APA statute applies to prison disciplinary proceedings, as previously discussed, the language in 28 C.F.R. § 541.14(b) pertaining to the three work day time period is not mandatory, and there is also no constitutional right to a hearing within such time period. Therefore, Petitioner cannot show that the agency action was unlawfully withheld or unreasonably delayed under § 706(1), nor is he entitled to relief under §706(2)(B)(C) or (D). Hence, the only section which could apply would be § 706(2)(A). However, there is no evidence that the institution's decision to grant an extension for the re-write was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

In sum, there is no evidence to show a constitutional violation relating to these charges, as the evidence before the Court reflects that Petitioner was provided with the minimal standard of due process. See Respondent's Exhibit 1, Attachments F, G, H, & I. The evidence reflects that Petitioner was provided with written notice of the charges and was given the opportunity to have his accuser present at the hearing and to present his own testimony and evidence. The evidence further reflects, as is shown by Petitioner's own signature on the hearing decision, that he was provided with copies of the final report and decision, which cited the evidence on which the Hearing Officer relied and the reasons for the action taken. See Wolff v. McDonnell, 418 U.S. at 563-576; Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004) [noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore]. None of Petitioner's exhibits and evidence show that his due process rights were violated.

Further, in an institutional setting, the fact-finder need only show that some evidence existed to support the decision. Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S.



7

445, 456-457 (1985); see Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). The Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, and under the applicable caselaw the "some" evidence standard for a disciplinary decision is sufficient to pass scrutiny under the due process clause. Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004). The evidence presented shows compliance with this standard, and therefore the delay in Petitioner's UDC hearing does not entitle him to his requested relief. Petitioner's claim is without merit.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, with prejudice, and that the Petition be dismissed.

The parties are referred to the Notice Page attached hereto.

William E Singletary, Jr

Bristow Marchant
United States Magistrate Judge

March ___, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).