# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Kenyatte Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:11-cv-02673-JMC |
| | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| John Owen, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 19], filed on March 1, 2012, recommending the court grant Respondent John Owen's ("Respondent") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Dkt. No. 13] with prejudice and dismiss the Petition by Petitioner Kenyatte Brown ("Petitioner"). Petitioner is an inmate at the Federal Correctional Institution in Williamsburg, South Carolina. He brings this action *pro se* seeking dismissal of an administrative disciplinary conviction for Assaulting Any Person (Minor Assault) and restoration of good time disallowed after his disciplinary conviction. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

## DISCUSSION

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive

weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner makes three specific objections to the Magistrate Judge's recommendation. First, Petitioner argues that the magistrate Judge erred in finding that Respondent gave Petitioner advance notice of the charges and conducted his Unit Disciplinary Committee ("UDC") hearing within three days in accordance with prison policy. He contends that the Magistrate Judge erroneously concluded that the Respondent adequately demonstrated "good cause" for extending the time for the UDC hearing. Finally, Petitioner objects to the legal standard used by the Magistrate Judge in considering Petitioner's request for relief.

After a thorough review of the Report and Recommendation and the record in this case, the court accepts the Magistrate Judge's Report and Recommendation. The Report and Recommendation provides a thorough discussion on Petitioner's primary issues in this case: the

advance notice of charges, the extension of the UDC hearing for good cause, and the applicable

legal standard. As acknowledged by the Magistrate Judge, 28 C.F.R. § 541.15 (2011)[1] only

provided that the initial hearing is "ordinarily held within three work days" of the staff's awareness

of the inmate's involvement in the incident. However, it did not require the hearing to be held

within this time period. Additionally, the court finds that Respondent had good cause to delay the

UDC hearing because he was awaiting the revision of the incident report by the reporting staff

member. Finally, the Magistrate Judge correctly applies the *Wolff v. McDonnell* factors to

determine the minimal standard of due process applicable in this case. 418 U.S. 539, 563-576

(1974); *Luna v. Pico*, 356 F.3d 481, 487-88 (2d Cir. 2004). While an agency "must scrupulously

observe rules, regulations, or procedures which it has established," here, the agency did not fail to

comply with its own rules as the time periods are not mandatory. *See U.S. v. Heffner,* 420 F.2d 809,

811 (4th Cir. 1969) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)).

It is therefore **ORDERED** that Respondent's Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment [Dkt. No. 13] is **GRANTED** with prejudice and Petitioner's

Petition is **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has
>
> made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue
>
> or issues satisfy the showing required by paragraph (2).

---

1 28 C.F.R. § 541.15 was effective through June 20, 2011.

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.   Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 13, 2012